[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14342
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2009
THOMAS K. KAHN
CLERK

Agency No. A88-160-049

GIOVANNI VICENTE CHIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 3, 2009)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Giovanni Vicente Chia, a citizen of Peru, petitions for review of the denial

of his motion to reopen his removal proceedings. After review, we deny Chia's petition.

## I. BACKGROUND

On June 7, 2007, the Department of Homeland Security ("DHS") issued a Notice to Appear, charging Chia with removability as a nonimmigrant who remained in the United States longer than permitted, pursuant to INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). On June 20, 2007, notice of the September 11, 2007 removal hearing was mailed to Chia. The notice warned Chia that his failure to appear would lead to a removal order being entered in his absence. Chia did not appear at the hearing. The Immigration Judge ("IJ") entered in absentia a final removal order.

On September 17, 2008, Chia filed a motion to reopen, arguing that he had shown exceptional circumstances justifying his failure to appear. Chia's motion also requested reopening based on his eligibility to file an application for a marriage-based status adjustment. Chia stated that he had married a United States citizen and intended to file such an adjustment application. Chia attached a copy of a receipt for his marriage license filing fee. In an attached affidavit, Chia did not dispute that he had received notice of the hearing. Instead, Chia stated that he missed the hearing because he was required to report to work. Once Chia was at work, he obtained permission from his supervisor to attend the hearing. By the

time Chia commuted from his work to the courthouse, the hearing was over.

The IJ denied Chia's motion to reopen, concluding he had not shown exceptional circumstances. During his BIA appeal, Chia supplemented the record with a copy of the receipt of his wife's I-130 petition filed on his behalf. The BIA dismissed Chia's appeal because (1) Chia had notice of the September 2007 hearing in June 2007 and (2) his failure to obtain advance permission from his supervisor to attend his removal hearing did not constitute exceptional circumstances. As to Chia's claim that he was eligible for a marriage-based adjustment of status, the BIA found that Chia had not presented evidence showing a strong likelihood that his marriage was bona fide and had not submitted the required I-485 application for adjustment of status.

## II. DISCUSSION

On appeal, Chia argues that the BIA abused its discretion in denying his motion to reopen because he showed exceptional circumstances justifying his failure to appear at the removal hearing.[1]

---

[1]"We review the denial of a motion to reopen for an abuse of discretion." Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary and capricious." Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006) (quotation marks omitted). We apply deferential review "regardless of the underlying basis of the alien's request for relief." Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001) (quotation marks omitted). We review only the BIA's decision unless the BIA expressly adopts the IJ's opinion or reasoning. Id. at 1284. Here, the BIA issued its own opinion, and, thus, we review only the BIA's decision.

3

An alien who, after receiving written notice, does not attend a proceeding shall be ordered removed in absentia if the DHS establishes that it gave written notice and the alien was removable. INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). An in absentia removal order may be rescinded if the alien moves to reopen within 180 days of the order and demonstrates that the failure to appear was because of "exceptional circumstances." INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i). Exceptional circumstances include circumstances beyond the control of the alien, "such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances." INA § 240(e)(1), 8 U.S.C. § 1229a(e)(1). "Giving . . . notice of one's unavailability is a minimal and logical step that, if not taken, is a factor which tends to undermine a claim of exceptional circumstances." Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003) (concluding that BIA did not abuse its discretion in determining alien had not shown exceptional circumstances where alien missed the hearing because he was ill, but did not make any effort to contact the immigration court on the day of his removal hearing).

We easily conclude that Chia has not shown the required exceptional circumstances. Chia does not dispute that he had almost three months' notice of the hearing and does not offer any explanation for why he could not have pre-

4

arranged time off from work to attend the hearing. Furthermore, Chia did not contact immigration court personnel to advise them of his unavailability or late arrival. Thus, the BIA did not abuse its discretion in denying Chia's motion to reopen based on exceptional circumstances beyond his control.

Alternatively, Chia argues that his motion to reopen should have been granted because his wife has filed an I-130 Petition for Alien Relative seeking a visa for him, which is the first step in seeking adjustment of his status. When filing a motion to reopen, an alien is required to attach "the appropriate application for relief and all supporting documentation." 8 C.F.R. §§ 1003.2(c)(1) (before BIA), 1003.23(b)(3) (before IJ). Form I-485 is the appropriate form for applying for adjustment of status. See Zafar v. U.S. Att'y Gen., 461 F.3d 1357, 1362 (11th Cir. 2006); see also 8 C.F.R. § 245.2(a)(3)(ii). Here, the record shows that Chia failed to attach an I-485 form to his motion to reopen as required by agency regulation.

Moreover, apart from the fee receipt for his marriage license, Chia presented no evidence that his marriage was bona fide, which also is required to grant a motion to reopen to pursue an application for adjustment of status. See In re Velarde-Pacheco, 23 I. & N. Dec. 253, 256 (BIA 2002) (stating alien's motion to reopen to pursue adjustment-of-status application must present "clear and convincing evidence indicating a strong likelihood that the respondent's marriage

5

is bona fide"); see also 8 C.F.R. § 204.2(a)(1)(iii) (requiring alien married while in removal proceedings to show by clear and convincing evidence that his marriage is bona fide and listing types of documents alien may submit). For these reasons, the BIA did not abuse its discretion in denying the motion to reopen based on his failure to comply with applicable regulations.

   **PETITION DENIED.**